**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B SQUARED, INC.,** | ) | **CASE NO.1:06CV1802** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **NATIONAL CITY BANK** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant National City Bank's ("NCB") Motion to Dismiss.  For the following reasons, the Court denies Defendant's Motion.

**Factual Allegations in Plaintiff's Complaint**

Plaintiff B Squared, Inc., d/b/a All California Funding's ("ACF") Complaint alleges American Empire Surplus Lines Insurance Co. ("American") maintained a checking account with NCB in 2005.  On or about July 25, 2005, American issued check number 0196520, drawn on its NCB account, in the amount of $437,630.00, payable to ACF, Berwick Partners, LLC and Alex N. Sill Company as co-payees.  ACF's endorsement was allegedly forged at the time of presentment and Berwick's never endorsed the check.  On August 2, 2005, NCB paid the full

1

amount of the check in spite of the above flaws.  As a result, ACF did not receive any proceeds of the check.  ACF contends NCB's payment constitutes conversion under Ohio Revised Code §1303.60.

## Standard Review

A motion to dismiss for failure to state a claim upon which relief can be granted brought under Federal Rule of Civil Procedure 12(b)(6), must establish, beyond a reasonable doubt, that the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wright v. MetroHealth Medical Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995), *quoting Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  The Court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *See Central States Pension Fund v. Mahoning Nat'l Bank,* 112 F.3d 252, 255 (6th Cir.1997). "[A] court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such a materials are public records or are otherwise appropriate for taking judicial notice". *New England Health Care Employees Pension Fund v. Ernst & Young,* 336 F.3d 495, 502 (6th Cir.2003).

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mann vs. Conlin,* 22 F.3d 100, 103 (6th Cir. 1994) quoting *Conley v. Gibson,* 355 U.S. 41, 45 (1957).  Accordingly, in order to grant Defendants' 12(b)(6) Motion to Dismiss, the Court must be of the opinion that the Plaintiff has not proved one fact which could lead to a possible verdict in its favor.  Finally, Rule 12(b)(6) does not countenance dismissals based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196,1199 (6th Cir.

2

1990) quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**<u>Defendant's Motion to Dismiss</u>**

Defendant NCB moves, pursuant to Fed. R. Civ. P. 12(B)(6), to dismiss Plaintiff's Complaint because NCB had no duty to verify endorsements on checks cashed at another bank. Defendant contends Plaintiff was not a customer of NCB, the check was not cashed at NCB and the depository bank had the duty to ensure the validity of endorsements.  Defendant attaches to its Motion a copy of the check at issue.

Defendant contends this Court may consider documents integral to the complaint without converting the Motion to Dismiss to a Summary Judgment motion under Fed R. Civ. P 56. "Matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss."  *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 88 (6ᵗʰ Cir.1997).  However, courts may consider documents attached to a Motion to Dismiss if they are referred to in the Complaint and are central to Plaintiff's claims. See *Weiner* at 89. Under Federal Rule of Evidence 902(9) commercial paper does not require extrinsic evidence of authenticity.  Checks are commercial paper.  See *Black's Law Dictionary, Paper-Commercial Paper.*  Since Plaintiff refers to the check in its Complaint, and the check is central to Plaintiff's claims, the Court will consider the copy of the check attached.

Contrary to NCB's assertion, it is not clear from the face of the Complaint or the check that NCB was not the bank originally presented with the flawed check. There is no mention of a depository bank separate from NCB in Plaintiff's Complaint. The check itself contains no indication besides a stamp with Bank One's name, a date and indeterminate serial number, nor does it demonstrate which bank was originally presented the check, whether the funds were

3

deposited or the check was cashed.  In the absence of further testimony or evidence, this Court cannot conclude Plaintiff can prove no set of facts permitting recovery.  Therefore, the Court finds NCB's Motion to Dismiss requires the Court consider facts and evidence outside the four corners of Plaintiff's Complaint. Since the Court may not grant a Motion to Dismiss when it is not clear from the Complaint Plaintiff can prove no set of facts entitling it to relief, the Court denies Defendant's Motion to Dismiss.

IT IS SO ORDERED.


 May 15, 2007                                    s/Christopher A. Boyko
Date                                          CHRISTOPHER A. BOYKO
                                              United States District Judge

4