Case 1:06-cv-01802-CAB Document 20 Filed 07/27/2007 Page 1 of 8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B SQUARED, INC.** | ) | **CASE NO. 06 CV 1802** |
| | ) | |
| **Plaintiff** | ) | **JUDGE BOYKO** |
| | ) | **MAGISTRATE JUDGE MCHARGH** |
| **vs.** | ) | |
| | ) | |
| **NATIONAL CITY BANK** | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| **Defendant** | ) | |

**WHEREAS,** discovery and relief sought in this action by Plaintiff and by Defendants may require the production of certain confidential, proprietary and/or sensitive information; and

**WHEREAS,** Plaintiff and Defendants have agreed to the entry of this Order protecting the confidentiality of such information and the Court has been fully advised in the premises:

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that:

1. As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission. responses to subpoenas duces tecum, or other disclosure of information which is considered confidential and/or proprietary business, commercial or personal information. the disclosure of which would be detrimental to the business or affairs of the party producing it.

2. All materials considered Confidential Information pursuant to this Stipulated Protective Order will have stamped or printed thereon "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS EYES ONLY".

3. If any document or thing in the possession of someone other than a party, or an answer to a question propounded in a deposition or other disclosure of information by someone other than a party is considered confidential and/or proprietary business, commercial or personal information, or to embody confidential business, commercial or personal information, any party to this action shall have the ability to have such information treated as "Confidential Information" hereunder. When a party has reason to believe that such information may be produced or presented by a non-party, the party will have the opportunity to mark such information "Confidential Information" at the time of production or presentation.

4. Confidential Information shall not be used or disclosed by any person or entity for any purpose whatever other than the preparation for and trial of this litigation including appeals, if any.

5. Confidential Information from another party shall be disclosed only to the following:

(a) Counsel for Plaintiff, and counsel for Defendants, their partners, associates and employees to whom Confidential Information is provided and to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

(b) Subject to paragraph 6 below, any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

Case 1:06-cv-01802-CAB Document 20 Filed 07/27/2007 Page 3 of 8

(c) Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance.

(d) Any person whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation and, provided further, that such a person may only be shown copies of documents containing Confidential Information during his or her testimony and in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof.

(e) As to any person referred to in subparagraph (c) above to whom Confidential Information may be shown, the attorneys of record shall first inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, to be used solely for the purpose of preparing for and presenting evidence in this litigation; second, that these restrictions are imposed by a court order; third, that such attorney of record obtains from each such person a Confidentiality Agreement in the form attached hereto as Exhibit A; and fourth, that such attorney of record advise, 14 days in advance, the attorney of record for the party who produced the Confidential Information of the name, address and employer of the person to whom the party seeking discovery intends to disclose such Confidential Information under this paragraph. If, within said fourteen (14) day period the producing party shall apply to the Court for an order precluding the disclosure of the Confidential Information to such person, no disclosure of the Confidential Information shall be made unless and until the Court rules that such disclosure may be made.

(f) Court reporters while in the performance of their official duties.

(g) This Court or any other court to which any appeal of this litigation is taken.

6. From time to time the parties might seek the discovery of highly sensitive and proprietary commercial information of Plaintiff, Defendants or a non-party. It is agreed that such highly sensitive information shall be marked "CONFIDENTIAL — ATTORNEYS EYES ONLY" and will be disclosed only to counsel for the requesting party subject to paragraph 5(a) above or to an expert or consultant subject to paragraph 5(c) above, and not to parties or any

Case 1:06-cv-01802-CAB Document 20 Filed 07/27/2007 Page 4 of 8

other person. If counsel for the requesting party wants certain portions of the highly sensitive information treated as Confidential Information, such party will follow the procedures outlined in paragraph 11 below.

7. All documents and all briefs and other papers containing, referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of the Court and shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and shall be accompanied by a written request that the documents be placed under seal. In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel for both parties shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

8. Deposition testimony shall be considered Confidential Information by a statement on the deposition record or by a written statement furnished to the opposing counsel of record and the official court reporter within one business day of such testimony noting the specific subject matter as Confidential Information. Within 14 days after the delivery of the transcript of such deposition by the official court reporter, the attorney who designated testimony as Confidential Information by such written statement shall furnish to the opposing counsel and the official court reporter the page and line numbers subject to the confidential designation referred to in the written statement.

Case 1:06-cv-01802-CAB Document 20 Filed 07/27/2007 Page 5 of 8

9. No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies of other papers are necessary for the conduct of this litigation. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all other persons to whom Confidential Information is disclosed as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

10. Nothing in this order shall be construed as a waiver by Plaintiff or Defendants of their right to object to any request for discovery. This Stipulated Protective Order shall not be construed as an agreement by Plaintiff or Defendants to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this litigation or a waiver of any privilege or immunity with respect thereto. Plaintiff and Defendants reserve the right to seek further protective orders from the Court in connection with any documents and other information.

11. Any designation of confidentiality by one party may be challenged by another party. The party making such challenge shall first consult with the other party in an attempt to resolve the dispute. In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution. Pending such resolution by the Court, the information in question shall continue to be treated as Confidential or as Confidential--Attorneys' Eyes Only, as the case may be, in accordance with the provisions of this Stipulated Protective Order.

Case 1:06-cv-01802-CAB Document 20 Filed 07/27/2007 Page 6 of 8

12. Within sixty (60) days after final termination of this litigation, counsel for each of the parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Stipulated Protective Order.

13. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order during and subsequent to the pendency of the litigation.

**IT IS SO ORDERED.**

Christopher A. Boyko
JUDGE

Date: July 27, 2007

FILED
JUL 31 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

AGREED TO BY:

/s/ Richik Sarkar
Joseph A. Castrodale (#0018494)
Richik Sarkar, Esq. (#006993)
**Ulmer & Berne LLP**
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Tel: (216) 583-7000/Fax: (216) 583-7001
jcastrodale@ulmer.com
rsarkar@ulmer.com

*Attorneys for the Defendant*

/s/ Michael J. Zbiegien
Michael J. Zbiegien Jr. (#0078352)
**Taft, Stettinius & Hollister LLP**
3500 BP Tower
200 Public Square
Cleveland, Ohio 44114-2302
*mzbiegien@taftlaw.com*
Tel: (216) 241-2838/Fax: (216) 241-3707

*Attorneys for the Plaintiff*

Case 1:06-cv-01802-CAB Document 20 Filed 07/27/2007 Page 7 of 8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B SQUARED, INC.** | ) | **CASE NO. 06 CV 1802** |
| | ) | |
| **Plaintiff** | ) | **JUDGE BOYKO** |
| | ) | **MAGISTRATE JUDGE MCHARGH** |
| **vs.** | ) | |
| | ) | |
| **NATIONAL CITY BANK** | ) | **CONFIDENTIALITY AGREEMENT** |
| | ) | |
| **Defendant** | ) | |

I, ________________________________ represent and agree as follows:

1. I reside at ______________________________________________,
(Address)

______________________________, ______________________________, ______________
(City) (State) (Zip)

and I am employed as ______________________________ by ______________________________
(Title) (Employer)

______________________________, ______________________________, ______________
(Address) (City) (State)

______________, ______________________.
(Zip) (Phone Number)

2. I have read and know the contents of the "Stipulated Protective Order dated ______________, 2007 filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of the United States District Court for the Northern District of Ohio, relative to assuring enforcement of the terms and conditions of said Stipulated Protective Order.

3. I am one of the persons described in Paragraph 5 of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated

Protective Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Stipulated Protective Order.

4. I expressly agree that:

(a) I have read and shall be fully bound by the terms of the Stipulated Protective Order;

(b) All such Confidential Information as is disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of, the Confidential Information except in accordance with the Stipulated Protective Order;

(c) I shall not make or cause to be made any copy of any such Confidential Information in any form whatsoever;

(d) I shall not use or refer to any Confidential Information, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and,

(e) I shall, upon being notified of the termination of the above entitled action proffer the return of all copies of all Confidential Information to the counsel for the party who furnished such Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.

Date: ______________________ ______________________________
Signature

1648178